FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

97 MAR 17 PM 3:38

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ASSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO. CV-96-AR-1945-E |
| MICHAEL KILGORE D/B/A MICHAEL KILGORE CONSTRUCTION COMPANY | ) ) ) ) | **ENTERED** |
| Defendant. | ) | MAR 17 1997 |

**MEMORANDUM OPINION**

The court has before it a motion by plaintiff, Assurance Company of America, for summary judgment in the above-entitled declaratory judgment action. For the reasons set forth below, said motion is due to be denied.

**A. Pertinent Facts**

**1. The History**

On March 3, 1993, plaintiff, Assurance Company of America and defendant, Michael Kilgore d/b/a Michael Kilgore Construction Company, entered into a Commercial General Liability Policy that was in effect from March 3, 1993, until March 3, 1995. Michael Kilgore Construction Company was, during all relevant times to this

1

action, a sole proprietorship owned by Michael Kilgore. Said proprietorship was involved in the business of housing construction. Michael Kilgore was also a 50% general partner in the Kilgore Construction Company with his father William Kilgore. The exact relationship, if any, between Michael Kilgore Construction Company and Kilgore Construction Company is unclear.

On December 10, 1993, a heretofore unknown and non-existent entity, the "Kilgore Construction Company, Inc.", contracted with Emmitt and Linda Smith ("the Smiths") to build the couple a residential house in the Jazzy Jones subdivision in Lincoln, Alabama. An addendum to the contract shows that the real party contractor on that job was not Kilgore Construction Company, Inc., but rather the general partnership, Kilgore Construction Company. Indeed all parties agree to this fact. The Smiths were not pleased with the progress or quality of the job and allegedly terminated Kilgore Construction Company.

On September 9, 1993, something calling itself Kilgore Construction Company, Inc., (really the Kilgore Construction Company), filed suit in Talledega, County, Alabama to collect construction and labor costs expended on the Smiths' house up until the date of their termination. On October 14, 1994, the Smiths answered the state court complaint and filed a counterclaim against

2

the fictional corporation. The confusion surrounding the proper parties was cleared up, to some extent, when the fictional plaintiff added as plaintiffs to the state court action Michael Kilgore and William Kilgore as partners d/b/a Kilgore Construction Company. Accordingly, the Smiths rightly added the general partnership, the correct party to the contract, to their counterclaim. Michael Kilgore and William Kilgore, as partners, are potentially liable in that capacity for the counterclaim.

### 2. The Policy

The relevant provisions of the insurance company are as follows:

Section II--Who Is An Insured is replaced by the following:

1. If you are designated in the Declarations as:

>    a. <u>An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner</u>.

>    b. A partnership or joint venture, you are an insured. Your members are also insureds, but only with respect to the conduct of your business.

>    c. An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers r directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

***

> 5. <u>With respect to "your work", you are an insured for your liability arising out of the conduct of any partnership or joint venture of which you are currently a member</u>, or of which you were a member,<u> even though this partnership or joint venture is not shown as a Named Insured in the Declarations</u>.  However:
>
>> a. Coverage under this provision is applicable only to those partnerships or joint ventures engaged exclusively in the construction of 1-12 family dwellings;
>>
>> b. Coverage under this provision applies only where no other valid or collectible insurance is available to any business entity covered by this policy.
>>
>> c. Coverage under this provision doe snot apply to any partnership or joint venture of which you have not been a member, or which has ceased to exist for a period of more than 12 months prior to the inception of this coverage with us.

(Pl. Ex. D)(emphasis added).  It is undisputed that the policy was issued to Michael Kilgore d/b/a Michael Kilgore Construction Company.  Further it is undisputed that the policy classified the form of business as "individual". (Def. Ex. A).

### B. Summary Judgment Standard

Rule 56, F. R. Civ. P., states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

4

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Turnes v. AmSouth Bank, N.A., 36 F.3d 1057, 1061 (11th Cir. 1994). Plaintiff has moved for summary judgment.

### C. Review of Alabama Insurance Contracts

Insurance companies are entitled under Alabama law to limit their insurance liability through policy exclusions so long as said exclusions do not violate statutory law or public policy. *Hooper v. Allstate Ins. Co.*, 571 So. 2d 1001 (Ala. 1990). These exclusions are, however, viewed narrowly by courts so as to grant insureds the maximum coverage possible under the policy language. *Blackburn v. Fidelity & Deposit Ins. Co. of Md.*, 667 So. 2d 661, 669 (Ala. 1995); *Brown Mach. Works & Supply Co. v. Insurance Co. of North America.*, 659 So. 2d 51, 59 (Ala. 1995); *Amerisure Ins. Co. v. Allstate Ins. Co.*, 582 So. 2d 1100, 1102 (Ala. 1991).

Where ambiguity exists in the insurance contract, the policy will be viewed in favored of the insured and will be read according to a reasonable or ordinary person standard. *St. Paul Fire & Marine Ins. Co. v. Edge Memorial Hosp.*, 584 So. 2d 1316, 1322 (Ala. 1991); *Guaranty Nat'l Ins. Co. v. Marshall County Bd. of Educ.*, 540 So. 2d

5

745, 748 (Ala. 1989); *Turner v. State Farm Fire & Casualty Cos.*, 614 So. 2d 1029, 1031 (Ala. 1993). However, the underlying question of whether the policy is itself ambiguous is a question of law for the trial court. *Woodall v. ALFA Mutual Ins. Co.*, 658 So. 2d 369 (Ala. 1995). Where the court finds that no ambiguity exists it will apply the contract terms as written. *Id.* at 756-57.

An insurance company's duty to defend is determined by the insurance policy's language and by the allegations underlying the complaint which may give rise to insured's liability. *Ajdarodini v. State Auto. Mut. Ins. Co.*, 628 So. 2d 312, 313 (Ala. 1993). "If the injured party's complaint alleges an accident or occurrence which comes within the coverage of the policy, the insurer is obligated to defend, regardless of the ultimate liability of the insured." *United States Fidelity & Guar. Co. v. Armstrong*, 479 So. 2d 1164 (Ala. 1985) (citing *Lardner & Co. v. Southern Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977)).

### D. Legal Analysis

Plaintiff's argument is relatively straight forward. It argues that because the policy was issued to Michael Kilgore, d/b/a Michael Kilgore Construction Company, as the "named insured", and not to Michael Kilgore individually, that Michael Kilgore as and

partner of Kilgore Construction Company, who has been claimed against in that capacity, is not covered under the relevant insurance policy.

Sole proprietorships and their owners are in and of themselves the same. The sole proprietor merely acts under a trade name for businesses purposes. For questions of liability, losses and profits, control, and management the sole proprietor is not distinct from his alter-ego business. Harold G. Reuschlien and William A. Gregory, The Law of Agency and Partnership 243 (2d ed. 1990). The Alabama Supreme Court has recognized this. In *Hughes v. Cox*, 601 So. 2d 465 (Ala. 1992), the Alabama Supreme Court found that service of process, issued under the trade name of the sole proprietorship, constituted service against the individual owner of the proprietorship. The Alabama Supreme Court said:

> There was no question as to the identity of the defendant, because Hughes Realty was merely the name under which Hughes did business, and as the sole proprietor she "own[ed] all the assets of the business . . . [and was] solely liable for all the debts of the business." Black's Law Dictionary 1392 (6th ed. 1990).

***

> [W]e affirmatively hold that a judgment entered against a trade name is a judgment against the individual doing business under that trade name, at least so long as the individual was personally served with the complaint. Absent a statute to the contrary, an individual has the

7

> right to be known by any name that he chooses, and judgment entered against the individual in either an assumed name or trade name is valid. See 49 C.J.S. Judgments § 75, p. 197 (1947).

Id. at 471.

Nevertheless, there are limits on the insurance coverage, and whatever distinctions exist between Michael Kilgore and Michael Kilgore Construction Company matter for the purposes of determining coverage. Clause 1 of the "Who is an Insured" section of the insurance agreement, states that one is an insured if one is an individual, or spouse of the individual. This coverage is limited to that conduct done in furtherance of the business of which the insured is a sole owner. Therefore, personal conduct or any conduct not directly related to the sole proprietorship is not covered. See In re San Juan Dupont Plaza Hotel Fire Litigation, 45 F.3d 569, 573 (1st Cir. 1995). So, while Michael Kilgore and Michael Kilgore Construction Company are one and the same, the hats worn by Michael Kilgore, entrepreneur, and Michael Kilgore, citizen, are different for purposes of liability coverage. The distinction between the two, if one exists, is relatively illusory, and it is this perceived or real distinction that was the impetus of the present litigation.

In support of their position, plaintiff points to State Farm

*Mutual Auto Ins. v. Minor*, 492 So. 2d 601 (Ala. 1989), where the Alabama Supreme Court held that an individual partner who buys a car in his individual capacity could not demand coverage through a policy issued to his partnership because as an individual that person was not a "named insured." However, as discussed above, the distinction between Michael Kilgore and Michael Kilgore Construction Company is indistinguishable for purposes of the business of construction. Therefore, Michael Kilgore is a "named insured" under the policy so long as Michael Kilgore's claims are related to the business of Michael Kilgore Construction Company.

The inquiry now shifts to clause 5. That clause permits coverage to an insured for "your work" arising out of a current partnership interest, even though that partnership is not a "named insured." Following general rules of contract construction, the word "you" in clause 5, the "named insured", Michael Kilgore d/b/a Michael Kilgore Construction Company, subject to the fact that coverage is limited by clause 1 to the sole proprietorship's business. *See In re San Juan Dupont Plaza*, 45 F.3d at 572-74. Therefore, Michael Kilgore's "work", insofar as it was work arising out of his sole proprietorship's possible interest in the partnership, is covered by the insurance policy.

9

In a similar case, denying coverage, the First Circuit found:

> [B]y virtue of the sole proprietorship endorsement, Lyon is "any named insured" only with a respect to the conduct of a business of which he is a sole proprietor. No one claims that Holders or the Holders partnership fits this definition; <u>nor is there any plausible claim that Lyon's participation in either entity was in the capacity of sole proprietor</u>.
>
> <u>In sum, we think that by its language the sole proprietor endorsement-in describing the coverage for "any named insured" who is an "individual" limits other references to Lyons as "any named insured" wherever that phrase appears. Where the entity claiming through Lyon in the omnibus clause is not a sole proprietorship, and his relationship to the entity was not in his capacity as sole proprietor of a business, then that entity is not covered by the omnibus clause</u>. And while the concept of Ambiguity is not without ambiguities of its own, the policy language does not appear to us to be fuzzy or unclear on this point.

*In re San Juan Dupont Plaza*, 45 F.3d at 573 (emphasis added).[1]

This court cannot come to the same conclusion as did the First Circuit. While there is *prima facie* evidence that Michael Kilgore

---

[1] The so-called "omnibus clause" referred to in *In re San Juan Plaza Hotel*, is somewhat different from the clause at issue in the case at bar. That clause read:

NAMED INSURED ENDORSEMENT

It is understood and agreed that item 1 of the policy declarations ["name of Insured"] shall read as follows:

The interest of William Lyon Company or any of its affiliated entices in any joint power agreement, joint venture, partnership or similar entity, and any entity in which any named insured owns majority interest, possesses management responsibility, or responsibility for insurance.

*In re San Juan Plaza Hotel*, 45 F.3d at 572.

was not acting in his capacity as a sole proprietor, some evidence adduced by defendant might show otherwise. Therefore, a fact question exists as to whether Michael Kilgore, partner in Kilgore Construction Company was acting in his capacity as a sole proprietor of Michael Kilgore Construction Company, when he entered into a construction contract with the Smiths. A sole proprietorship can undoubtedly be involved in other business ventures. It can be a partner, own stock, or diversify its operations. It is this possibility that clause 5 acknowledges.

How this fact can be disproved by plaintiff or proven by defendant is as of now unknown. It may be impossible. The court can foresee a possibility that a fictional "Michael Kilgore Bakery", a business unrelated to construction, could enter a partnership with Kilgore Construction Company in an effort to diversify its holdings or for some other business reason. In that effect Michael Kilgore, baker, might still be covered because he entered the partnership in his capacity as sole proprietor.

Because a fact question exists, plaintiff's motion for summary judgment will be denied. A separate and appropriate order will be entered.

DONE this _17_ day of March, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT